In re CHICKEN ANTITRUST
LITIGATION.

FOSTER FOOD PRODUCTS,
Claimant-Appellant,

v.

SETTLEMENT ADMINISTRATION
COMMITTEE,
Respondent-Appellee.

No. 85–8780.

United States Court of Appeals,
Eleventh Circuit.

Feb. 19, 1987.

See also, D.C., 560 F.Supp. 1006, D.C.,
560 F.Supp. 963, D.C., 560 F.Supp. 943.

Bruce M. Edenfield, Atlanta, Ga., Robert D. Raven, Penelope A. Preovolos, Kathleen V. Fisher, Kathy J. Bagdonas, San Francisco, Cal., for Foster Food Products.

Emmett J. Bondurant, George W. Fryhofer, III, Atlanta, Ga., Arthur J. Galligan, Washington, D.C., Jenneth Linden Peirce Pemberton, Tampa, Fla., for respondent-appellee.

Before GODBOLD and VANCE,
Circuit Judges, and SWYGERT [*], Senior
Circuit Judge.

GODBOLD, Circuit Judge:

In this appeal we consider an objection to a proposed distribution of settlement funds in an antitrust class action. Appellant Foster Food Products has objected to the Settlement Administration Committee's disallowance of its claim for intra-company purchases of chickens. Appellant challenges the disallowance in the proposed Plan of Distribution of Settlement Funds on two related grounds: (1) it is inconsistent with the class notice and thus violates appellant's due process rights and (2) it is erroneous in light of the terms and purposes of the settlement agreement. We find these contentions without merit and affirm the district court's denial of the motion objecting to the plan of distribution.

## FACTUAL BACKGROUND

The Chicken Antitrust Litigation is the outgrowth of multiple civil antitrust actions begun in 1974 against the National Broiler Marketing Association, its members, and other chicken producers. These actions were consolidated in the Northern District of Georgia. The early history of this case was described by our predecessor court in *In re Chicken Antitrust Litigation*, 669 F.2d 228 (5th Cir. Unit B 1982). The district court approved a proposed settlement

---

[*] Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

of the consolidated lawsuits on March 7, 1980, 560 F.Supp. 957, and an allocation among the various plaintiff classes [1] on August 22, 1980. 560 F.Supp. 998, *aff'd,* 669 F.2d 228 (5th Cir. Unit B 1982).

The task of proposing a distribution of the settlement funds to the claimants in each settlement class fell to a Settlement Administration Committee (the "Committee") which had been established previously by the district court. On April 18, 1985 the Committee submitted for the court's approval a plan of distribution covering the claimants in settlement classes II–V. Pursuant to court order the Committee sent to each claimant a "Notice of Hearing on Proposed Distribution" and a card indicating the amount of claim allowed.

The facts relating to the Foster Food Products claim were summarized by the district court as follows:

> In 1975, Foster Poultry Farms created a wholly owned subsidiary, Foster Foods, to acquire the capital and assets of Arroyo Poultry Co. Both before and after its acquisition by Foster Foods, Arroyo Poultry Co. purchased products from Foster Poultry Farms as well as other suppliers, including several defendants in this litigation. At no time has Foster Poultry Farms, or any of its affiliates or related companies, been named as a defendant in this litigation.
>
> In 1977, Foster Foods, still doing business as Arroyo Poultry Co., merged with Foster Food Products, another wholly owned subsidiary of Foster Poultry Farms. Pursuant to a July 1979, Notice of Class Action Determination, Proposed Settlements and Dismissals and Hearing Thereon, Foster Food Products submitted two claims forms. In its first claim Foster Food Products set forth Arroyo's purchases prior to the acquisition by Foster Foods. (Claim No. 1389070). In its second claim Foster Food Products set forth Foster Foods' purchases following the acquisition. [(Claim No.

1582820)]. Both claims included purchases from Foster Poultry Farms.

> In May 1985, the Settlement Administration Committee approved all of the first claim, in the amount of $164,518.03 in cash and $50,000.00 in in-kind refund. The Settlement Administration Committee disallowed that portion of movant's second claim relating to intra-company purchases by Foster Food Products from Foster Poultry Farms, approving $65,139.24 of the requested $495,502.39.

District Court Order at 1–2. Foster Food filed an objection to the disallowance of part of its claim. By order dated September 5, 1985, the district court rejected this objection, and a final judgment on that order was entered September 25, 1985. This appeal followed.

In the order approving the Committee's disallowance of the claim for the intra-company purchases by Foster Food from Foster Poultry Farms, the district court held that "the settlement agreements and notice of class settlement in this case gave no indication that the disallowed claim would be allowed." District Court Order at 3. The court also held that allowing the claim "would further neither of [the] basic goals of the settlement agreements." It held that the goal of " 'preserv[ing] the settlement fund for truely [sic] adverse entities *who were harmed* by the alleged wrongdoing' " would not be served because "the movant obtained the poultry from its parent company, with the overall economic entity ... neither gaining nor losing by the transfer, there is no injury to redress." *Id.* at 4. The court found that the goal of "seek[ing] a final and lasting 'peace' in the litigation" would not be served because a "subsidiary would not sue its parent as any recovery would, like intra-company purchases, be a 'wash.' " *Id.*

## DISCUSSION

In an earlier appeal in this case our predecessor court noted the standard of

---

**1.** Class I consisted of state and local governments and their subdivisions, Class II of supermarkets, Class III of hotels, motels, restaurants, and franchisees, Class IV of wholesalers, and Class V of other direct purchasers. Foster Food Products claims as a member of Class IV.

review to be applied in reviewing the administration of a settlement by a district court: "Determining the fairness of the settlement is left to the sound discretion of the trial court and we will not overturn the court's decision absent a clear showing of abuse of that discretion." *In re Chicken Antitrust Litigation,* 669 F.2d 228, 238 (5th Cir. Unit B 1982). We find no abuse of discretion here.

Foster argues that the district court erred in two respects when it approved the disallowance of the claim for intra-company purchases. The first is that due process requires the administration of a class action settlement in a manner consistent with the class notice and that the disallowance is inconsistent with the class notice in this case. The second is that the disallowance is incorrect in light of the terms and purposes of the settlement agreement. We consider the second argument first.

The district court found that the disallowed claim was not properly included in the settlement and that allowing the claim would further neither of the purposes of the settlement. We agree. Appellant does not challenge the district court's finding that the goal of preserving the settlement fund for "adverse entities who were harmed by the alleged wrongdoing" would not be served by allowing the claim for intra-company purchases. Instead Foster Food contends that the district court erred in concluding that allowing the claim would not serve the goal of "peace" from litigation. The court based this conclusion on the idea that a subsidiary would not sue its parent. As the appellant correctly points out, the real issue is not whether a subsidiary would sue its *parent* but whether the subsidiary has a colorable claim against *the defendants* for the allegedly inflated prices that the subsidiary paid for its chickens. Foster Food asserts that under the law of this circuit an antitrust plaintiff may recover from defendants for purchases from non-defendants on the theory that the defendants' actions led to higher prices paid by the plaintiff. *See In re Beef Industry Antitrust Litigation,* 600 F.2d 1148 (5th Cir.1979), *cert. denied,* 449 U.S. 905, 101 S.Ct. 280, 66 L.Ed.2d 137 (1980).

Even if Foster Food would have a colorable claim against the defendants in this case for purchases from non-defendant competitors, the district court was nevertheless correct in its conclusion that allowing Foster's claim in this case would not further the goal of litigation "peace." The key characteristic of the disallowed claim is not that it was a claim against non-defendants but that it was a claim for intra-company purchases. Appellant cites no authority, and our research reveals none, for the existence of a colorable claim based on purchases by a wholly-owned subsidiary from its parent. As the district court noted, because the purchases resulted in "the overall economic entity of Foster Poultry Farms and Foster Food Products neither gaining nor losing by the transfer, there is no injury to be redressed." It was therefore unnecessary to include these intra-company purchases in the settlement in order to achieve the settlement's goal of peace from litigation. Thus the district court did not err in interpreting the settlement agreement in a manner that excluded the claims at issue in this appeal. In fact, our predecessor court stated in a previous decision in this case that absent "any colorable legal claims against defendants, it would have been an abuse of discretion to allow them to share in the settlement fund." 669 F.2d at 238.

Appellant's other argument is equally meritless. Foster Food argues that the disallowance of its claim for intra-company purchases was inconsistent with the original July, 1979 Notice of Class Action Determination, Proposed Settlements and Dismissals and Hearings Thereon (the "Class Notice"). In its brief, appellant asserts that "[o]n the basis of the Class Notice, Foster Foods did not exercise its option to opt out of the class and did not object to the terms of the settlement. Foster Foods remained in the class and submitted its claim for recovery pursuant to the terms of the settlement as described in the Class

Notice."[2] (Appellant's Brief at 11). Foster argues that as a result the disallowance of the intra-company purchases claim is inequitable and unconstitutional as a violation of due process.

This court was faced with a similar question in a previous appeal in this case in which an excluded purchaser sought to be included as a class member. We stated then that "[a]ssuming, without deciding, that a defective class notice might be grounds for allowing one who reasonably relied on such notice to become a class member, there was no such reasonable reliance in this case." *In re Chicken Antitrust Litigation,* No. 82–8616, slip op. at 3 (11th Cir. June 1, 1983) [708 F.2d 732 (table)]. Here we again find it unnecessary to decide whether a defective class notice could give rise to a constitutionally protected claim against the settlement fund.[3] The district court held that "the movant here [Foster Food] could not justifiably have read the settlement agreements to approve intra-company purchases." This conclusion is not clearly erroneous.

Appellant relies heavily on an exclusion for purchases by an independent subsidiary of a defendant from that defendant to support its inference that all other intra-company purchases would give rise to allowable claims. Appellant argues that the Class Notice thus expressly addressed the issue of purchases by subsidiaries, but excluded from the settlement only purchases by subsidiaries of defendants from their defendant-parents. That this is an unreasonable construction of the Class Notice is revealed by viewing the relied-on exclusion in context:

The Court, in an Order dated March 28, 1979, concluded the following with regard to the right of party defendants, their affiliates and subsidiaries to participate as claimants:

(1) all named party defendants, their affiliates, and subsidiaries, to the extent that they are not legally independent and autonomous from their parent-defendant or affiliate-defendant, shall be excluded from participating as claimants under any of the settlement classes herein;

(2) all legally independent and autonomous subsidiaries and/or affiliates of all named defendants herein not expressly excluded from settlement Classes I–IV may participate as either direct purchaser claimants under settlement Class V as or as wholesaler-distributor claimants under settlement Class IV as appropriate whether or not they are controlled or owned in whole or in part by their parent-defendant or affiliate-defendant;

(3) no legally independent and autonomous subsidiaries and/or affiliates of all named defendants herein who are permitted to participate as claimants in these settlements under part (2) *supra* shall be permitted to recover for purchases from their parent-defendant or affiliate-defendant.

Class Notice at 8. This part of the notice clearly addresses the issue of the right of party defendants, their affiliates and subsidiaries to participate as claimants and *not* the issue of purchases by subsidiaries in general. The notice does not give any indication that the settlement is intended to provide a windfall in the case of intra-company purchases by wholly-owned subsidiaries where the overall economic entity suf-

---

**2.** Appellant does not represent that it would have opted out and proceeded with a separate action against the defendants if it had known with certainty that its intra-company purchases claim would be disallowed.

**3.** Appellant relies on a Ninth Circuit case, *Gendron v. Shastina Properties,* 578 F.2d 1313, 1316 (9th Cir.1978), for the proposition that a claim may not be excluded if it is not specifically excluded by the class notice and settlement agreement. Appellant reads too much into that

case. The *Gendron* court found that the excluded claim was within the terms of the settlement agreement and that therefore the settlement committee abused its discretion in excluding the claim. Here the district court has found, and we agree (see *supra*) that Foster Food's claim for intra-company purchases is properly *not* included in the settlement agreement. In such a case the exclusion of the claim is not an abuse of discretion.

fers no injury. The district court thus committed no error in holding that appellant could not justifiably have read the settlement agreements to approve claims for intra-company purchases.

AFFIRMED.